**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 02-CV-01961-REB-OES
(Consolidated with Civil Case Nos. 02-RB-1962, 02-RB-1963, 02-RB-1979)

THE SOCIETY OF LLOYD'S,

    Plaintiff,

v.

JOHN HENRI SILVERSMITH,

    Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS
COUNTERCLAIMS AND FOR ENTRY OF JUDGMENT**

**Blackburn, J.**

The matter before me is Plaintiff's Motion to (1) Dismiss Counterclaims Based on Improper Venue and (2) for Entry of Judgment [#33], filed June 1, 2005. I have jurisdiction over this matter under 28 U.S.C. § 1332(a) (diversity of citizenship). I grant the motion and order that judgment enter in favor of plaintiff.

The facts of this case are set out at length in my order granting plaintiff's motion for summary judgment [#32], filed April 18, 2005, and need not be repeated at length here. Plaintiff has brought this suit to enforce certain judgments rendered by the courts of England against defendants, who formerly were "Names" in the Lloyd's insurance underwriting syndicate. Defendants filed various counterclaims, the overarching premise of which is that the judgments and the underlying contract on which they are based are unenforceable. Plaintiff now seeks to dismiss these

counterclaims for improper venue based on the following clause of the "General Undertaking," the contract that each defendant signed:

> Each party hereto irrevocably agrees that the courts of England shall have exclusive jurisdiction to settle any dispute and/or controversy of whatsoever nature arising out of or relating to the Member's membership of, and/or underwriting any insurance business at, Lloyd's and that accordingly any suit, action or proceeding . . . arising out of or relating to such matters shall be brought in such courts[.]

(*See* Def. Motion App., Exh. A at 1, ¶ 2.2.).

Every one of defendants' myriad counterclaims falls within the ambit of this expansive provision.  Most of defendants' arguments resisting enforcement of this clause have already been addressed and rejected by my previous order.  The few original arguments proffered here are unconvincing.  For example, defendants maintain that their counterclaims are compulsory under Fed.R.Civ.P. 13(a). Assuming *arguendo* the truth of this characterization, it does not vitiate the operation of the forum selection clause.  *See* **Sokkia Credit Corp. v. Bush**, 147 F.Supp.2d 1101, 1105-06 (D. Kan. 2001) (citing **Publicis Communication v. True North Communications Inc.**, 132 F.3d 363, 366 (7th Cir. 1997)).  Defendants' argument that the confluence of the forum-selection and choice-of-law clauses in the General Undertaking somehow invalidates the forum-selection clause has previously been rejected by other courts for reasons I find cogent.  *See* **Haynsworth v. The Corporation**, 121 F.3d 956, 967-69 (5th Cir. 1997), **cert. denied**, 118 S.Ct. 1513 (1998).  Finally, defendants' claim that the forum selection clause cannot be read to

apply retroactively is belied by the broad language of the clause. For these reasons, defendants' counterclaims should be dismissed for improper venue.

This determination leaves nothing further to do but enforce the valid judgments of the courts of England. Under the Uniform Foreign-Money Claims Act, §§13-62.1-101 - 13-62.1 -118, C.R.S., "[i]f an action is brought to enforce a judgment of another jurisdiction expressed in a foreign money and the judgment is recognized in this state as enforceable, the enforcing judgment must be entered as provided in section 13-62.1-107[.]" §13-62.1-110(1), C.R.S. Section 13-62.1-107, in turn, provides that the judgment must be stated in the amount of the currency in which it was entered, §13-62.1-107(1), C.R.S., although costs are to be assessed in U.S. dollars, §13-62.1-107(3), C.R.S. Plaintiff has provided evidence proving up the amount of its judgments in this matter, with credits and set-offs where appropriate, and defendants have not objected to plaintiff's calculations. (*See* Def. Reply App., Exh. C.)

The award of prejudgment interest is a "matter[] of the substantive law governing the right to recovery under the conflict-of-laws rules of this state." §13-62.1-109(1), C.R.S. Under Colorado's "most significant relationship" test for resolving conflict-of-laws questions in contract cases, *see* **Wood Bros. Homes, Inc. v. Walker Adjustment Bureau**, 601 P.2d 1369, 1372 (1979), it is abundantly clear that the English law should apply to the award of prejudgment interest in this case. That rate of interest is eight per cent per annum compounded annually. (*See* Def. Reply App.,

Exh. B, Declaration of Nicholas P. Demery, Esq. at 2, ¶ 4.)[1]

This leaves only the question of post-judgment interest. In ***Society of Lloyd's v. Reinhart***, 402 F.3d 982 (10th Cir. 2005), ***pet. for cert. filed***, 74 U.S.L.W. 3013 (Jun. 21, 2005) (No. 04-1731), the Tenth Circuit held that under Utah and federal law, the entry of the judgment extinguished the original claim and gave rise to a new cause of action on the judgment which was federal in character. The court, therefore, concluded that the federal post-judgment interest rate specified by 28 U.S.C. § 1961 should apply to the judgments there at issue. ***Id***., 402 F.3d at 1004-05. By contrast, Colorado law specifies that a foreign-money judgment "bears interest at the rate applicable to judgments of this state." §13-62.1-109(3), C.R.S. That rate is eight per cent per annum compounded annually. §5-12-102(4)(b), C.R.S.

**THEREFORE, IT IS ORDERED** as follows:

(1) That Plaintiff's Motion to (1) Dismiss Counterclaims based on Improper Venue and (2) for Entry of Judgment [#33], filed June 1, 2005, is **GRANTED**;

(2) That all defendants' counterclaims are **DISMISSED WITH PREJUDICE**;

(3) That **JUDGMENT SHALL ENTER** in favor of plaintiff and against defendant Joseph Henri Silversmith in Civil Case No. 02-CV-01961-REB-OES as to all claims and causes of action in the amount of £305,589.35, inclusive of principal and prejudgment interest;

(4) That **JUDGMENT SHALL ENTER** in favor of plaintiff and against defendant

---

[1] Consistent with the laws of England, plaintiff has limited its request for prejudgment interest to six years following the date on which the interest became due.

Clarence Grant Wilkins in Civil Case No. 02-CV-01962-REB-OES as to all claims and causes of action in the amount of £733,247.44, inclusive of principal and prejudgment interest;

(5)  That **JUDGMENT SHALL ENTER** in favor of plaintiff and against defendant Robert Wayne Ruder in Civil Case No. 02-CV-01963-REB-OES as to all claims and causes of action in the amount of £435,319.62, inclusive of principal and prejudgment interest;

(6)  That **JUDGMENT SHALL ENTER** in favor of plaintiff and against defendant Raymond Charlesworth Lee in Civil Case No. 02-CV-01979-REB-OES as to all claims and causes of action in the amount of £84,892.60, inclusive of principal and prejudgment interest up through July 19, 2005, plus an additional assessment of prejudgment interest of £237.51 from July 20, 2005, through the date of this order;

(7) That, in accordance with §13-62.1-107(2), C.R.S., each judgment **SHALL BE PAYABLE** at the option of the judgment debtor in the number of United States dollars which will purchase the British pounds sterling with interest due at a bank-offered spot rate at or near the close of business on the banking day next before the day of payment;

(8) That each judgment **SHALL ACCRUE** post-judgment interest at the rate of 8% per annum compounded annually from the date of the judgment until paid; and

(9) That plaintiff is **AWARDED** its costs, assessed in U.S. dollars, to be taxed by the Clerk of the Court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.Colo.LCivR. 54.1.

Dated August 10, 2005, at Denver, Colorado.

                                          BY THE COURT:

                                          <u>s/ Robert E. Blackburn</u>
                                          Robert E. Blackburn
                                          United States District Judge